IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| **ETHAN SHERAW** | : | |
| **49 Linda Court** | : | |
| **Delmar, NY 12054** | : | NO. |
| | : | |
| v. | : | |
| | : | |
| **RICHARD J. CARON FOUNDATION,** | : | |
| **a/k/a and/or d/b/a CARON TREATMENT** | : | |
| **CENTERS** | : | |
| **243 N. Galen Hall Road** | : | |
| **Wernersville, PA 19565** | : | |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff Ethan Sheraw (hereinafter referred to as "Plaintiff") is a 23 year-old adult individual, who resides at the above listed address.

2. Defendant Richard J. Caron Foundation, a/k/a and/or d/b/a Caron Treatment Centers (hereinafter referred to as "Defendant" or "Defendant Caron") is a non-profit organization, a drug and substance treatment center, existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at the above listed address.

3. Defendant's above-listed address is in Berks County, Pennsylvania, which is within the jurisdiction of this Court.

### JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in the United States District Court for the Eastern District of Pennsylvania. This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 for the following reasons:

a. Plaintiff is a citizen of the State of New York;

b. Defendant is a business operating one or more of its locations in the Commonwealth of Pennsylvania;

c. The acts and omissions giving rise to this action occurred at Defendant's location in Berks County, Pennsylvania;

d. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL AVERMENTS

5. On August 3, 2022, Plaintiff was an in-patient at a residential treatment facility operated by the Defendant.

6. Plaintiff was in the second week of in-patient treatment at Defendant's facility.

7. Plaintiff expected to be at the facility for six or more weeks for treatment of alcohol abuse.

8. Plaintiff was not being treated for any mental health disorder, illness, or condition at Defendant's facility.

9. Plaintiff was fully compliant with the policies and procedures of the facility at the time of the incident described herein.

10. On the above date, the residents of the facility were in a gymnasium owned and operated by the Defendant.

11. The gymnasium was subject to recorded video surveillance.

12. On the above date, the residents of the facility were involved in a recreation period scheduled for residents by the Defendant.

13. The residents of the facility were supposed to be playing a game of kickball.

14. The gymnasium where the game was being played was not sufficiently safe for adult men to be playing a game of kickball.

15. The gymnasium where the game was being played was not properly equipped to safely allow for a game of kickball to be played among adults.

16. The Defendant owed a duty to the Plaintiff to provide a safe area for his recreation and to supervise those individuals involved in recreation.

17. The Defendant breached that duty as described herein.

18. The breach of the Defendant's duty to the Plaintiff resulted in serious personal injury.

19. At all times material hereto, Plaintiff acted in a reasonable and prudent manner and was free from any comparative negligence.

20. At all times material hereto, Plaintiff did not assume the risk of his injuries.

## COUNT I – NEGLIGENCE

21. The preceding paragraphs are incorporated by reference, as if fully set forth herein.

22. Defendant, at all times material hereto, acted and/or failed to act by and through its employees, agents, servants, and/or representatives, who were then and there acting within the course and scope of their employment and on behalf of Defendant.

23. Defendant arranged for recreation for the Plaintiff and other in-patient residents to be conducted in its gymnasium.

24. Defendant could have arranged for recreation for the Plaintiff and other in-patient residents to be conducted outdoors in a safer sporting environment.

25. Defendant failed to make sure that the gymnasium was safe for use by the Plaintiff and others involved.

26. Defendant failed to supply proper equipment for kickball to be played in a safe manner.

27. Specifically, rather than purchase rubber bases for use in kickball, the Defendant wholly failed to supply any bases for use in the game.

28. Instead, the Defendant's employees permitted the residents to select slippery rags used to clean floors to serve as bases.

29. Defendant should not have permitted the use of slippery rags.

30. Rubber bases are available for purchase at minimal cost and are a staple at every school in the nation.

31. Defendant chose to endanger its customers rather than invest in a safe environment for their recreation.

32. Defendant appears to have had no rules, regulations, prohibitions, or other policies or procedures governing what games could be played by residents and under what conditions.

33. Defendant's employees permitted the use of unsafe equipment.

34. Further, Defendant's employees permitted, allowed, or otherwise did not prevent the playing of kickball in a space too small to allow for safe recreation.

35. As a direct result of Defendant's breach of its duty to Plaintiff, he suffered injuries and damages, as described below.

36. During the course of the kickball game, the Plaintiff was rounding third base and heading for home plate.

37. As a result of the presence of the slippery rags used in place of bases, the Plaintiff was then caused to run into the gymnasium's wall off balance and at high speed.

38. The Plaintiff suffered a fractured shoulder among other injuries and required surgery.

39. The Plaintiff was taken to the hospital the day of the incident.

40. As a result of the above-described incident and the severity of the Plaintiff's injuries, the Defendant knew or should have known that litigation was possible.

41. Video surveillance of the incident was available to the Defendant.

42. The Defendant subsequently reviewed the video of the incident.

43. The Defendant subsequently destroyed the video of the incident without making any effort to preserve it.

44. Defendant's negligence and disregard for the safety of the Plaintiff was the direct, legal, and proximate cause of the Plaintiff's resulting injuries, damages and/or losses, as more fully described herein below.

45. Defendant's negligence in causing the Plaintiff's injuries consisted of, but was not limited to:

   a. Failing to supply safe equipment for use in a supervised and organized recreation activity;

   b. Failing to conduct the recreation activity in a safe location and setting such that participants would not be injured;

   c. Failing to ensure that the gymnasium was properly padded and protected to withstand contact with grown men in a kickball game;

   d. Failing to have policies and procedures in place to govern what equipment was used for recreation;

   e. Failing to have policies and procedures in place governing what sports could be conducted in the gymnasium;

    f.  Failing to have employees in charge of recreation who were certified in physical education or otherwise aware of how to minimize risks associated with sports involving grown men;

    g.  Failing to warn the residents including the Plaintiff of the dangers of the activity in the small space provided.

    h.  Failing to warn the residents of the other attendant dangers of the activity.

    i.  Failing to warn the residents that the corporation and supervisor were not qualified to conduct safe recreational activities.

46. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered serious impairment of bodily functions, serious bodily injuries, requiring medical care and treatment, including but not limited to:

    a.  Fracture and dislocation of the right shoulder;

    b.  Surgery for the fractured shoulder with implantation of permanent hardware;

    c.  Pain including a severe shock to his nerves and nervous system and injury to his shoulder, and more particularly as detailed by his physicians, including neurological damage as well as physical pain;

    d.  The need for rehabilitation of various parts of his body;

    e.  The need for prescriptions of expensive medications to reduce pain;

    f.  Such other pain, damages and losses as will be revealed in Plaintiff's medical records;

    g.  Plaintiff has suffered and will continue to suffer in the future great pain and agony all of which appear to be permanent in nature.

47. As a direct result of the Defendant's acts and omissions, Plaintiff has been unable to undertake his usual and customary duties and activities since the incident and believes that he will continue to suffer impairments and disabilities into the future.

48. As a direct result of the Defendant's acts and omissions, Plaintiff has been forced to miss extended time from his usual activities.

49. As a direct result of the Defendant's acts and omissions, Plaintiff may be obliged to receive and undergo reasonable and necessary medical treatments and rehabilitative services for the injuries he has suffered and to expend such sums or to incur such expenditures for an indefinite time in the future.

50. As a direct and proximate result of the tortious conduct of Defendant, Plaintiff has suffered and in the future will continue to suffer great pain, agony, and a diminution of his ability to enjoy life and life's pleasures, including but not limited to serious impairment of his bodily functions.

51. As further result of the tortious conduct of Defendant as described above, Plaintiff has been and will in the future be compelled to expend a large sum of money for physicians, surgery, imaging, tests, monitoring, physical therapy, and the like, in an effort to permanently and thoroughly cure himself of his injuries and/or suffering, which were brought about as a result of the incident.

52. As a further result of the tortious conduct of Defendant, Plaintiff has incurred in the past and will incur into the future other financial expenses or losses, which do or will exceed the amount which he may be otherwise entitled to recover.

53. As a further result of the tortious conduct of Defendant, Plaintiff has become unable to perform his usual and customary activities in the manner to which he was accustomed before this crash.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant in an amount in excess of $75,000.00 in compensatory, economic, non-economic damages, and other damages, in addition to interest, costs and other damages permitted by law.

## COUNT II
### NEGLIGENT HIRING, TRAINING, AND / OR SUPERVISION

54. The preceding paragraphs are incorporated herein by reference as if fully set forth at length below.

55. Defendant breached its duty of care to Plaintiff by, among other things, negligent hiring, training, and supervision of its agents, servants, employees, and/or workmen in the following manner:

   a. Failing to hire and train employees in purchasing safe equipment for use in a supervised and organized recreation activity;

   b. Failing to hire and train employees who were knowledgeable and able to conduct the recreation activity in a safe location and setting such that all participants would not be injured;

   c. Failing to hire and train employees who were educated and trained to ensure that the gymnasium of location of the incident was properly padded and protected sufficiently to withstand contact with grown men in a kickball game;

   d. Failing to hire, train, and supervise employees who were sufficiently knowledgeable to have policies and procedures in place to govern what equipment was used for recreation;

e. Failing to have policies and procedures in place governing what sports could be conducted in the gymnasium;

f. Failing to have employees in charge of recreation who were certified in physical education or otherwise aware of how to minimize risks associated with sports involving grown men;

g. Failing to hire and train employees who were knowledgeable enough to warn the residents including the Plaintiff of the dangers of the activity in the small space provided.

h. Failing to hire and train employees who were knowledgeable enough to warn the residents of the other attendant dangers of the activity.

i. Failing to warn the residents that the corporation and supervisor were not qualified to conduct safe recreational activities.

56. As a result of the aforementioned negligence, Defendant breached its duties to the Plaintiff and Plaintiff sustained serious, painful, and permanent injuries as described above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory, economic and non-economic damages, in addition to interest, costs and other damages permitted by law.

## **DEMAND FOR JURY TRIAL**

57. Plaintiff demands a jury trial as to all eligible issues triable by a jury.

                                               NEUWIRTH LAW OFFICE, LLC

Date:  7/24/23               By:     */s/ Andrew Neuwirth*
                                            Andrew T. Neuwirth, Esquire
                                            PA Attorney ID No. 310079
                                            2200 Renaissance Blvd., Suite 270
                                            King of Prussia, PA 19406
                                            Tel. No. (215) 259-3687
                                            Fax No. (215) 253-5816
                                            andrew@neuwirthlaw.com
                                            Attorney for Plaintiff(s)